# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

JOHN JINK LYNCH,

          Plaintiff,

v.                            CIVIL ACTION NO. 2:13-cv-01470

WEXFORD HEALTH SOURCES, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Before this Court is a motion for summary judgment filed by Defendants Wexford Health Sources, Inc. ("Wexford"), Dr. Emil Dameff ("Dr. Dameff"), Dr. Homa Rashid ("Dr. Rashid"), Dr. Philip Shoaf ("Dr.Shoaf"), Sandra May ("May"), and Anna Kincaid ("Kincaid") (collectively, "Defendants"). (ECF No. 88.) Plaintiff John Jink Lynch ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (ECF No. 2.) By standing order entered in this case on January 28, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) Magistrate Judge Tinsley entered his PF&R on August 17, 2018, recommending that Defendants' motion be granted as to Wexford and Kincaid; granted as to Dr. Rashid, Dr. Shoaf, May, and Dr. Dameff with respect to Plaintiff's allegations of treatment related to his skin cancer and back conditions; and denied as to Dr. Dameff, May, and Dr. Shoaf with respect to Plaintiff's allegations that he was denied a permanent shave slip. (ECF No. 98.)

For the reasons explained more fully herein, this Court **OVERRULES** Plaintiff's objections, (ECF No. 100), and those made by Dr. Dameff, Dr. Shoaf, and May, (ECF No. 99), and **ADOPTS** the PF&R, (ECF No. 98). This Court further **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment. (ECF No. 88.)

## I. BACKGROUND

This action arises from Defendants' alleged failure to adequately provide treatment to Plaintiff, who is incarcerated, for his facial skin cancer and back pain. In addition, Plaintiff claims that Defendants improperly denied him a permanent shave pass. The complete factual and procedural background of this case is set forth in detail in the PF&R and need not be repeated here at length. (*See* ECF No. 98.)

Defendants filed their motion for summary judgment on December 1, 2017. (ECF No. 88.) Plaintiff timely filed a response, (ECF No. 92), and Defendants timely filed a reply, (ECF No. 94). The PF&R was entered on August 17, 2018. (ECF No. 98.) Dr. Dameff, Dr. Shoaf, and May timely filed objections to the PF&R on August 24, 2018. (ECF No. 99.) Plaintiff's objections were filed with this Court on September 6, 2018, two days after the deadline for filing objections. (*See* ECF No. 100.) However, Plaintiff indicates that he placed the document in the prison mail system on August 31, 2018. (*See id.* at 12.) Accordingly, this Court treats Plaintiff's objections as timely filed. As such, the PF&R, the parties' objections, and Defendants' motion for summary judgment are fully briefed and ripe for adjudication.

## II. LEGAL STANDARDS

### A. *Review of PF&R*

Upon receipt of a PF&R, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This

Court "make[s] a de novo determination of those portions of the [PF&R] to which objection is made." *Id.*; *see Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). However, this Court is not required to review, "under a *de novo* or any other standard," the factual or legal conclusions of the magistrate judge "when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the [PF&R]." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material when it 'might affect the outcome of the suit under the governing law.'" *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine dispute arises when 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

"The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . . ." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). In ruling on a motion for summary judgment, this Court "view[s] the facts and all justifiable inferences arising therefrom in the light

3

most favorable to the nonmoving party." *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013)).

### III. DISCUSSION

*A. Defendants' Objections*

Dr. Dameff, Dr. Shoaf, and May object to the magistrate judge's conclusion that Plaintiff's claim involving the denial of his shave pass survives summary judgment. Specifically, they contend that they exercised their medical judgment in revoking Plaintiff's permanent shave slip, and Plaintiff's disagreement with their decision does not constitute deliberate indifference. (ECF No. 99 at 3.) However, as the PF&R explains, the record includes evidence demonstrating that Plaintiff advised Dr. Dameff, Dr. Shoaf, and May that shaving caused "swelling, bleeding, and pain" in the area around his mouth. (ECF No. 98 at 22.) The record also includes evidence that Plaintiff had a history of skin cancer on his face. (*See* ECF No. 88-5 at 12–13.) This evidence indicates—contrary to Defendants' position in their objections—that they knew of this risk to Plaintiff's health at the time they denied his shave pass. Therefore, a reasonable jury could conclude that Dr. Dameff, Dr. Shoaf, and May were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and drew that inference, and were also "aware that [their] actions were inappropriate in light of that risk." *Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016) (internal quotation marks omitted) (defining standard for "deliberate indifference"). This Court **OVERRULES** Defendants' objections, **ADOPTS** the PF&R with respect to the denial of the permanent shave slip, and **DENIES** Defendants' motion for summary judgment as to that claim.

4

*B. Plaintiff's Objections*

Plaintiff first objects to "several misstatements of fact" from the PF&R. (ECF No. 100 at 2.) He points out that his shave slip was reinstated in 2014 but argues that Defendants "continue to disregard this matter." (*Id.*) However, Plaintiff testified at his deposition that Defendants were enforcing his shave pass. (ECF No. 92-2 at 9.) Plaintiff also disputes the magistrate judge's use of his medical records from January 25, 2011, until January 25, 2013, because a different magistrate judge in his previous lawsuit represented that the "actions surrounding [his] case would be considered back as far as February 15, 2010." (ECF No. 100 at 2.) Plaintiff does not explain how events prior to January 25, 2011, would modify the outcome in this case, and in any event, the medical records before this Court include information from as far back as December 2009. (*See* ECF No. 94-1.) Third, Plaintiff argues that the PF&R inaccurately characterizes a spot on his scalp as seborrhea keratosis, when that spot was in fact diagnosed as basal cell carcinoma. (ECF No. 100 at 2.) However, Plaintiff's medical records from his exam on May 1, 2012, indicate that the spot was indeed diagnosed as seborrhea keratosis. (ECF No. 94-2 at 7.) Finally, Plaintiff contends that the PF&R "improperly titles Dr. Wood as a dermatologist" when he is in fact a plastic surgeon. (ECF No. 100 at 2.) The PF&R states, "On July 3, 2012, [Plaintiff] was taken out to be evaluated by Dr. William A. Wood, a plastic surgeon, regarding the lesions on his nose and right ear." (ECF No. 98 at 10.) Nowhere does the PF&R refer to Dr. Wood as a dermatologist. Accordingly, Plaintiff's objections to what he characterizes as "misstatements of fact" in the PF&R are **OVERRULED**.

Next, Plaintiff offers a "Provider Handbook" that he claims Wexford issues to its employees as evidence of Wexford's "policy" of disregarding inmates' serious medical needs. (*See* ECF No. 100 at 4.) Specifically, Plaintiff points to Wexford's alleged "Cost Considerations"

5

policy, which states in part, "Cost has always been a consideration in treatment . . . . Consideration in deciding treatment is given to whether or not the Department of Corrections has the responsibility to provide a treatment. The mere existence of a condition DOES NOT CONSTITUTE A RESPONSIBILITY for repair!" (ECF No. 100-1 at 23 (emphasis in original).) Wexford's policy appears to have a basis in the law. *See United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) ("The right to treatment is . . . limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." (quoting *Bowring v. Godwin*, 551 F.2d 44, 47–48 (4th Cir. 1977))).

Moreover, Plaintiff's medical records demonstrate that despite the existence of the "Cost Considerations" policy, Wexford provided Plaintiff treatment for his facial skin cancer and for his back pain, even referring him to an outside plastic surgeon for evaluation of his cancer. (*See* ECF No. 94-3.) Plaintiff's "mere difference of opinion regarding the adequate course of treatment" for these conditions "does not give rise to an Eighth Amendment violation." *Clawson*, 650 F.3d at 538. Accordingly, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the PF&R with respect to Plaintiff's claim against Wexford, and **GRANTS** Defendants' motion for summary judgment as to that claim.

Finally, Plaintiff objects to the magistrate judge's recommendation that Dr. Rashid, Dr. Shoaf, May, and Dr. Dameff are entitled to summary judgment as to Plaintiff's claims related to his skin cancer and back pain. However, Plaintiff points to allegations pleaded in the complaint as support for his arguments against summary judgment. (*See* ECF No. 100.) At the summary judgment stage, this Court's focus is not on the complaint's allegations but on the evidence submitted by the parties. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("As a

6

general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion."). This Court therefore considers the allegations mentioned in Plaintiff's objections only to the extent they are substantiated by the evidence in the record before this Court.

The evidence in this case shows, consistent with the PF&R, that Plaintiff regularly received treatment for these conditions. (*See* ECF Nos. 94-1, 94-2, 94-3.) He provides no evidence to support his assertion that Defendants referred him to outside specialists but refused to take him to the appointments; in fact, the record includes documents from such specialists. (*See* ECF No. 94-3.) Nor has Plaintiff offered evidence that Defendants refused to follow instructions from the specialists regarding his treatment. Plaintiff's own self-serving allegations on these points are insufficient to create an issue of fact for summary judgment. *See Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000) (citing *Anderson*, 477 U.S. at 249). Moreover, as the PF&R states, Plaintiff's contentions with respect to his treatment for his skin cancer and back pain are nothing more than his disagreement with Defendants' medical judgment. (*See* ECF No. 98 at 20–21.) This does not constitute an Eighth Amendment violation. *See Clawson*, 650 F.3d at 538. Accordingly, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the PF&R as to Plaintiff's claims related to his treatment for skin cancer and back pain, and **GRANTS** Defendants' motion for summary judgment as to those claims.

### IV. CONCLUSION

For the foregoing reasons, this Court **OVERRULES** the parties' objections and **ADOPTS** the PF&R in full. (ECF No. 98.) This Court further **DENIES IN PART** Defendants' motion for summary judgment, (ECF No. 88), as to Plaintiff's claim that he was denied a shave slip and **GRANTS IN PART** Defendants' motion for summary judgment as to the remaining claims.

This Court will enter a separate order scheduling a pretrial conference and setting this case for trial.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 20, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE